# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2022

Lyle W. Cayce
Clerk

No. 21-30186

In the Matter of: Sharon Sylvester

*Debtor*,

Sharon Sylvester,

*Appellant*,

*versus*

Chaffe McCall, L.L.P.,

*Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2469

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:

Sharon Sylvester went bankrupt. At the end of her Chapter 7 proceeding, the bankruptcy court ordered her to pay certain fees to a law firm that assisted the Chapter 7 trustee. Sylvester argues that the bankruptcy court applied the wrong legal standard. We agree and vacate the award.

No. 21-30186

I.

Sharon Sylvester filed for bankruptcy in 2018. The bankruptcy court converted Sylvester's case to a Chapter 7 proceeding on April 18, 2019, and appointed Barbara Rivera-Fulton as trustee. The trustee filed an application with the court to employ Chaffe McCall ("Chaffe") as general counsel. The application stated that Chaffe would help investigate, review, and liquidate Sylvester's real property, and also "act as general counsel for [trustee] and . . . assist [trustee] in evaluating other bankruptcy issues affecting the estate." The court granted the trustee's application. The bankruptcy proceeding went well—the trustee and Chaffe fully paid Sylvester's debts and were able to preserve some funds to disburse to Sylvester at the conclusion of the proceedings.

After the creditors were fully paid, Chaffe filed a fee application with the bankruptcy court, seeking $16,185 in fees for 57.6 hours of attorney services. Chaffe's application included an itemized description of services performed. Sylvester opposed Chaffe's fee application, arguing that many or most of the services Chaffe performed for the trustee were duties statutorily assigned to the trustee that did not require legal expertise.

The bankruptcy court granted Chaffe's fee application in full. The court agreed with Sylvester that:

> [A] court may not compensate an attorney appointed to represent the trustee for services which coincide or overlap with the ministerial and administrative duties of the trustee delineated in § 704 of the Bankruptcy Code—except where services are necessarily performed by an attorney due to reasons of complexity or difficulty, and only then to the extent legal expertise is required.

Moreover, it stated that it had "a duty to determine whether the services rendered by Chaffe were legal in nature or whether they were actually

administrative or ministerial duties of the Trustee." And the court stated that "a review of Chaffe's time entries reveals that some of the tasks could fall into the broad categories identified as § 704(a) trustee duties." But the court nevertheless granted Chaffe all of its requested fees, primarily relying on two considerations. First, it emphasized that "the demarcation between what tasks constitute duties to be performed solely by the trustee and what can and should be delegated to an attorney is often not black and white." Second, the court noted that the bankruptcy proceeding was particularly successful, with all creditors paid in full and some money left over for the debtor. So the court chose to give Chaffe and the trustee "some leeway" and "assume the tasks performed by Chaffe required legal expertise."

Sylvester appealed the bankruptcy court's order to the district court, and the district court affirmed. The district court used substantially the same reasoning as the bankruptcy court, giving particular emphasis to "the successful result" of the bankruptcy proceeding. Sylvester timely appealed to us.

## II.

We apply the same standard of review as the district court in reviewing the bankruptcy court's decision. *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc). We review the bankruptcy court's award of attorney's fees for abuse of discretion. *Id.* "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard, reviewed de novo, or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." *Id.* at 270–71 (quotation omitted).

We first consider the appropriate legal standard for an award of attorney's fees under § 330(a) of the Bankruptcy Code. Then we hold that the bankruptcy court did not apply that standard.

No. 21-30186

A.

We begin with the text of the applicable statutory provisions. *See, e.g.*, *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 131 (2015). Five interrelated provisions of the Bankruptcy Code make clear that a court may compensate an attorney under § 330(a) only for legal services—that is, for activities requiring legal expertise that a trustee would not generally be expected to perform without an attorney's assistance. *See, e.g.*, *In re J.W. Knapp Co.*, 930 F.2d 386, 388 (4th Cir. 1991).

Section 704 of the Bankruptcy Code sets forth the duties of the bankruptcy trustee. It provides that "[t]he trustee shall," among other things, "collect and reduce to money the property of the estate for which such trustee serves," "be accountable for all property received," and "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a). Section 327 allows the trustee to employ certain professionals to help with the trustee's statutory duties. It provides that the trustee may, with the court's approval, "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under this title." *Id.* § 327(a).

Section 330(a) is the provision at the heart of this case. That section "governs compensation of all professionals whose fees are paid by the bankruptcy estate." *In re ASARCO, LLC*, 751 F.3d 291, 299 (5th Cir. 2014), *aff'd*, 576 U.S. 121 (2015). It provides that a court may award "a professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1). Section 330(a) thus limits permissible attorney compensation to fees for "necessary services." *Id.*; *see also Baker Botts*, 576 U.S. at 131 (stressing that § 330(a) "does not authorize courts to award 'reasonable compensation' *simpliciter*, but

'reasonable compensation *for actual, necessary services rendered by*' the § 327(a) professional" (emphasis in original)).

Section 330(a) does not define what services are "necessary," and that word's meaning is not immediately clear from the statute. On the one hand, "necessary services" might refer broadly to any service that is essential or indispensable to the trustee's functions. *See* Webster's New International Dictionary 1635 (2d ed. 1934; 1950) (defining "necessary" as "indispensable to some purpose"). Or the phrase might refer more narrowly to professional services that are "necessary" because a trustee could not perform them without the professional's specific expertise. *See id.* (defining "necessary" as "a requisite; an essential"). Section 330(a)—which the Supreme Court has described as "awkward, and even ungrammatical," *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004)—does not specify which reading is correct, although the statute's restriction on compensation to limited classes of professionals arguably favors the narrower reading.

Statutory context, however, makes clear that the narrower reading is the better one. Start with § 326 of the Bankruptcy Code. That section lays out the compensation scheme for Chapter 7 trustees and expressly limits their compensation to a percentage of the funds distributed to creditors. 11 U.S.C. § 326(a). We have said that § 326(a) "direct[s] courts to treat the trustee's compensation as a commission" and that the percentage amounts in § 326(a) are "presumptively reasonable" amounts that should be awarded absent truly exceptional circumstances. *Matter of JFK Capital Holdings, LLC*, 880 F.3d 747, 753–54 (5th Cir. 2018) (quotation omitted). The upshot is that § 326(a) almost always provides both a floor and a ceiling for a Chapter 7 trustee's compensation.

No. 21-30186

"It is well established that a trustee may not evade the [compensation ceiling] imposed by section 326(a) by hiring other people to perform the trustee's duties." *In re Jenkins*, 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995). But § 330(a) would allow the trustee to do just that if it allowed a court to pay other professionals for performing tasks that the trustee could have accomplished without professional help. A trustee could delegate most or all of her duties to an attorney or accountant and still receive her § 326(a) commission, while the attorney or accountant would also receive their hourly rate for time spent performing the trustee's duties. *See* 11 U.S.C. § 328(a) (allowing professionals employed by a trustee to bill on an hourly basis). The debtor's estate would be essentially double-billed, paying a substantial commission to the trustee for doing little more than hiring and delegating to professionals. Sylvester contends that something comparable happened in this case. Whether that's true or not, limiting § 330(a) compensation to services requiring professional expertise maintains the integrity of the commission-based compensation scheme that Congress established for Chapter 7 trustees.

Section 328 of the Bankruptcy Code, titled "Limitation on compensation of professional persons," sheds further light on the meaning of "necessary services" in § 330(a). Subsection (b) provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under [Section 327], the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

11 U.S.C. § 328(b). Section 328(b) reinforces the Bankruptcy Code's distinction between necessary professional services and those which are

6

"generally performed by a trustee without the assistance of an attorney or accountant." *Id.* And it emphasizes that only the former are compensable under § 330(a)—even when the attorney (or accountant) and the trustee are the same person. *See also Jenkins*, 188 B.R. at 420 ("Section 328(b) provides that an attorney or accountant may not receive compensation for the performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant" (quotation omitted)).

Precedent confirms that § 330(a) allows a court to compensate an attorney only for services requiring legal expertise. The Fourth Circuit, for example, has held that "courts may not compensate an attorney for services statutorily required by the trustee. Only when unique difficulties arise may compensation be provided for services which coincide or overlap with the trustee's duties, and only to the extent of matters requiring legal expertise." *J.W. Knapp Co.*, 930 F.2d at 388. Similarly, the Ninth Circuit has required that "the services which are the subject of the application [be] properly compensable as legal services" in order for a court to grant an attorney's § 330(a) fee application. *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 957–58 (9th Cir. 1991). And bankruptcy courts often note that compensable services under § 330(a) must require legal expertise and not be services ordinarily performed by a trustee. *E.g.*, *In re Route 22 Readington Holdings, LLC*, No. 18-30155, 2021 WL 112756, at *6 (Bankr. D.N.J. Jan. 11, 2021); *In re Cmty. Home Fin. Servs., Inc.*, No. 1201703EE, 2015 WL 6511183, at *11 (Bankr. S.D. Miss. Oct. 27, 2015); *In re D'Amico*, No. 05-19217, 2009 WL 2982987, at *4 (Bankr. N.D.N.Y. Sept. 14, 2009). Accordingly, we hold that a court may compensate an attorney under § 330(a) only for services requiring legal expertise that a trustee would not generally be expected to perform without an attorney's assistance.

B.

We next consider whether the bankruptcy court applied the proper legal standard below. Even though the court recognized its "duty to determine whether the services rendered by Chaffe were legal in nature or whether they were actually administrative or ministerial duties of the trustee," it chose to "assume the tasks performed by Chaffe required legal expertise" rather than make the required determination. In doing so, the court deviated from the proper legal standard in two respects.

First, the bankruptcy court appeared to permit Chaffe to recover for the performance of ordinary trustee duties because of the successful result of the bankruptcy proceeding. The court stated that "a review of Chaffe's time entries reveals that some of the tasks could fall into the broad categories identified as § 704(a) trustee duties, including reviewing the Debtor's records, liquidating property of the estate, and investigating the financial affairs of the Debtor." But the court declined to attempt to identify and separate Chaffe's non-compensable services, both because the line between compensable and non-compensable services "is often not black and white" and because "all creditors in this case have been paid in full, with the Debtor even receiving a distribution herself." It's true that there is often no easy way to distinguish legal from non-legal services, and a bankruptcy court is entitled to substantial deference in its determination as to whether a particular service required attorney expertise. *See, e.g.*, *In re Evangeline Refin. Co.*, 890 F.2d 1312, 1327 (5th Cir. 1989). But under § 330(a), a court cannot simply decline to make the required determination because the line is murky. Nor can it permit an attorney to bill the estate for nonlegal services because the bankruptcy proceeding was successful. *Cf. Baker Botts*, 576 U.S. at 131 (refusing to "excise the phrase 'for actual, necessary services rendered' from the statute"—even when the firm seeking fees had obtained a multibillion-dollar fraudulent transfer judgment for the debtor and allowed the debtor to

emerge solvent from bankruptcy proceedings); *ASARCO*, 751 F.3d at 301–02 (similar).

Second and relatedly, the bankruptcy court ignored that the burden rests on the attorney requesting compensation under § 330(a) to justify the services rendered. In light of the successful outcome of the bankruptcy proceeding, the court chose to "allow Chaffe and the Trustee some leeway and . . . assume the tasks performed by Chaffe required legal expertise." But it is well established that "it is [the] applicant's burden to demonstrate that services for which professional compensation is sought involve legal service beyond the scope of the trustee's statutory duties." *In re Wildman*, 72 B.R. 700, 707 (Bankr. N.D. Ill. 1987); *see also, e.g.*, *In re Boulder Crossroads, LLC*, No. 09-10381, 2010 WL 4924745, at *13 (Bankr. W.D. Tex. Dec. 1, 2010) ("[A]ll applicants for awards of professional compensation under 11 U.S.C. § 330 bear the burden of proof on the elements of 'reasonable compensation.'"); *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949–50 (Bankr. E.D.N.Y. 1986) ("[I]t is the burden of the applicant to demonstrate that the services for which professional compensation is sought involve some legal service beyond the scope of the trustee's statutory duty."); *In re New Boston Coke Corp.*, 299 B.R. 432, 438 (Bankr. E.D. Mich. 2003) ("[T]he burden of proof is upon the applicant to justify the requested fees."); *In re Whitney*, 27 B.R. 352, 354 (Bankr. D. Me. 1983) ("It is the applicant's burden to show his entitlement to fees."). Accordingly, it was improper for the bankruptcy court to assume that Chaffe's services required legal expertise rather than requiring Chaffe to meet its burden. If "insufficient explanatory information is provided for determining the precise nature of the services rendered, the court is compelled to determine that the services are not compensable as legal services." *Whitney*, 27 B.R. at 354.

No. 21-30186

\*    \*    \*

For the foregoing reasons, we VACATE the award of attorney's fees and REMAND this case for further proceedings consistent with this opinion.