# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

———————

No. 23-30003

———————

IN THE MATTER OF SHARON SYLVESTER,

*Debtor*,

SHARON SYLVESTER,

*Appellant*,

*versus*

CHAFFE MCCALL, L.L.P.,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2065

———————————————————

Before SMITH, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:[*]

Sharon Sylvester filed for bankruptcy. At the conclusion of her Chapter 7 proceedings, the bankruptcy court approved a fee application submitted by the law firm that assisted the Chapter 7 trustee. Sylvester appealed the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

award. Our court held that the bankruptcy court applied the incorrect legal standard, vacated the award of attorneys' fees, and remanded the case for further proceedings consistent with that opinion. *In re Sylvester*, 23 F.4th 543 (5th Cir. 2022). On remand, the bankruptcy court granted the law firm's fee application in part, and the district court affirmed. Because the bankruptcy court did not abuse its discretion, we AFFIRM.

## I.

As explained more fully in our court's previous opinion,[1] Sharon Sylvester filed for Chapter 13 bankruptcy in 2018. The bankruptcy converted her case into a Chapter 7 proceeding in 2019 and appointed Barbara Rivera-Fulton as the trustee. The bankruptcy court granted Rivera-Fulton's application to employ Chaffe McCall as general counsel to assist with reviewing and liquidating Sylvester's real property. The trustee paid all of Sylvester's debts, with some remaining funds expected to be distributed to Sylvester at the conclusion of the case.

In 2020, Chaffe submitted a fee application seeking $16,185 in attorneys' fees. Sylvester opposed, arguing that most of the services performed by Chaffe were duties statutorily assigned to the trustee that did not require legal expertise. The bankruptcy court granted the fee application in full, finding that the demarcation between what tasks should solely be performed by the trustee and those that could be delegated to counsel were "not black and white." Because of this difficulty, the bankruptcy court granted Chaffe "leeway" and assumed that the work performed by Chaffe required legal expertise in light of the positive outcome of the bankruptcy proceeding. Sylvester

---

[1] *In re Sylvester*, 23 F.4th 543 (5th Cir. 2022).

appealed to the district court, which affirmed. Sylvester then appealed to our court.

Our court addressed the appropriate legal standard for the award of attorneys' fees under § 330(a) of the Bankruptcy Code. *In re Sylvester*, 23 F.4th 543 (5th Cir. 2022). Section 330(a) allows courts to award "reasonable compensation for actual, necessary services rendered" by professional persons, such as attorneys, employed under § 327 of the Code; however, § 330(a) does not define "necessary." Interpreting interrelated provisions of the Bankruptcy Code, our court held that "a court may compensate an attorney under § 330(a) only for services requiring legal expertise that a trustee would not generally be expected to perform without an attorney's assistance." *Id.* at 548–49. Our court also emphasized that the attorney requesting compensation under § 330(a) bears the burden of justifying the services rendered. *Id.* at 549–50.

Our court then determined that the bankruptcy court erred in two ways when it granted Chaffe's application for fees in full. *Id.* at 549. First, the bankruptcy court failed to identify and separate Chaffe's non-compensable services because of the stated difficulty in delineating between legal and non-legal services and in light of the successful bankruptcy result. *Id.* Second, the bankruptcy court ignored that the attorney requesting compensation bears the burden of justifying the services rendered when it assumed that the tasks performed by Chaffe required legal expertise. *Id.* at 549–50. Our court then vacated the fee award and remanded the case for further proceedings consistent with that opinion. *Id.* at 550.

## II.

We apply the same standard of review as the district court in reviewing the bankruptcy court's decision. *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc). We review the bankruptcy court's award of attorneys' fees

No. 23-30003

for abuse of discretion. *Id.* "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard, reviewed de novo, or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." *Id.* at 270–71 (quotation omitted). "A bankruptcy court is entitled to substantial deference in its determination as to whether a particular service required attorney expertise." *In re Sylvester*, 23 F.4th at 549. We will only overturn the factual findings of the bankruptcy court if "we are left with a 'firm and definite conviction' that the bankruptcy court committed a mistake." *In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) (quoting in part *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.

On June 21, 2022, the bankruptcy court issued a new memorandum opinion and order, granting Chaffe's fee application in large part. Chaffe sought $16,185 in attorneys' fees and $338 in associated costs. After detailing the factual and procedural background of the case, the bankruptcy court recites the proper legal standard for reviewing a request for attorneys' fees under § 330(a) as set forth by our court in our 2022 decision. The bankruptcy court found that three of Chaffe's time entries, totaling $605, "fall into the broad categories identified as §704(a) trustee duties and could have been performed by the Trustee herself without legal assistance,"[2] but that the remainder of the entries are "reasonable and necessary and rendered toward the completion of the case."

In its new opinion, the bankruptcy court does not address specific time entries beyond the three it identifies as *not* compensable, but writes that

---

[2] As required by our court's mandate, *see In re Sylvester*, 23 F.4th at 549, the bankruptcy court identified and separated out Chaffe's non-compensable services.

Chaffe's attempt to craft a deal that would pay off all the claims of the estate and allow the primary real property at issue to stay in the debtor's family took skill and required Chaffe to handle "legal matters including analyzing and resolving tax, insurance, and title issues on behalf of the Trustee."

While the bankruptcy court should have provided more detail supporting its conclusion that the majority of the time claimed by Chaffe McCall *was* "necessary" under § 330(a), we are not left with a "firm and definite conviction" that its factual finding is incorrect. *See In re Bradley*, 960 F.2d at 507 (citation omitted).

AFFIRMED.